NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TODD FOLLMER, as Trustee of the TF Family Trust; JOSEPH URSO, as Trustee of the JU Family Trust,<br><br>  Plaintiffs-counter-claim-defendants-Appellants,<br><br> v.<br><br>NOBUTAKA MUTAGUCHI, Individually, and as Trustee of the NM Family Trust,<br><br>  Defendant-counter-claimant-Appellee. | No.   23-55644<br><br>D.C. No.<br>5:19-cv-01824-FLA-SHK<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted September 13, 2024
San Francisco, California

Before:  GOULD and BUMATAY, Circuit Judges, and R. COLLINS,**
District Judge.

Appellants Todd Follmer and Joseph Urso ("Appellants") appeal the grant of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

summary judgment in favor of Appellee Nobutaka Mutaguchi regarding ownership interests in TPP Capital Advisors, Ltd. ("TPP"). At issue is whether two documents creating ownership interests in TPP executed in 2014 had an illegal purpose. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. While the documents signed by Appellants and Mutaguchi have choice-of-law provisions providing for British Virgin Islands ("BVI") law, the district court properly applied California law to this dispute. To determine "the enforceability of a choice of law provision in a diversity action, a federal court applies the choice of law rules of the forum state." *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1182 (9th Cir. 2009). California courts ordinarily enforce the parties' choice-of-law provision when "(1) the chosen jurisdiction has a substantial relationship to the parties or their transaction; or (2) any other reasonable basis for the choice of law provision exists." *Id.* (citing *Hughes Elecs. Corp. v. Citibank Del.*, 120 Cal. App. 4th 251, 258 (2004)). "If either one of these tests is met, then a California court will enforce the provision *unless* the chosen jurisdiction's law is contrary to California public policy." *Id.* (emphasis added).

As established below, the documents are void because they are contrary to California public policy, *see* Cal. Civ. Code § 1598, and so their choice-of-law provisions are unenforceable. *See Homami v. Iranzadi*, 211 Cal. App. 3d 1104, 1111 (1989) ("[A] party to an illegal contract cannot come into a court of law and ask to

2

have his illegal objects carried out; nor can he set up a case in which he must necessarily disclose an illegal purpose as the groundwork of his claim.").

The district court correctly granted summary judgment for Mutaguchi because the documents at issue do not have a lawful object and are contrary to public policy. In California, the elements of a contract are: "1. Parties capable of contracting; 2. Their consent; 3. A lawful object; and, 4. A sufficient cause or consideration." Cal. Civ. Code § 1550. A contract is unenforceable if it is "1. Contrary to an express provision of law; Contrary to the policy of express law, though not expressly prohibited; or, 3. Otherwise contrary to good morals." *Id.* § 1667. "Where a contract has but a single object, and such object is unlawful, whether in whole or in part, . . . the entire contract is void." Cal. Civ. Code § 1598. "No court will lend its aid to give effect to a contract which is illegal, whether it violate the common or statute law, either expressly or by implication." *Potvin v. Metro. Life Ins. Co.*, 22 Cal. 4th 1060, 1073 (2000) (simplified).

Undisputed evidence establishes that the documents were created and executed to obtain an unlawful object. Audio recordings show that, in 2014, Appellants proposed that Mutaguchi create three trusts with Appellants as beneficiaries of two trusts, establish that the three trusts jointly owned TPP, and backdate the trusts' ownership to December 2000. The documents would thus serve as evidence that Appellants' trusts were partial owners of TPP from 2000 even

though Appellants had no interests in TPP before 2014. Indeed, in the audio recordings, Appellants admitted they did not have an ownership interest in the 50/25/25 percent ratio set forth in the documents. Appellants and Mutaguchi agreed to this scheme to mislead Japan's National Tax Authority into believing that Mutaguchi only owned 50% of TPP at a time when TPP made $50 million to $70 million in profits, in an attempt to avoid or diminish Mutaguchi's Japanese tax liability.

Under these facts, the documents are contrary to public policy. *See Harris v. Moore*, 102 Cal. App. 413, 416–17 (1929) (explaining that it is against public policy in California "to procure evidence not of facts as they exist, but of particular facts necessary to the success of the party litigant who contracted for their production").

And summary judgment was appropriate here because the audio recordings between Appellants and Mutaguchi dispose of any genuine issue of fact for trial. While Appellants argue the recordings were incomplete, they do not deny that they made the statements in the recordings. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1886) ("[T]he record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'").

2. The district court did not abuse its discretion in denying Appellants leave to amend their complaint. A district court may deny leave to amend if "a plaintiff's

4

proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Appellants admit that their amended claims would still rely on the disputed documents being legal and enforceable, which the district court properly determined were not. So amendment would be futile.

**AFFIRMED.**